UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x

TROY VAVAL,

                                              Civil Action No.
                         Petitioner,          CV-07-2482 (DGT)

         - against -                          ORDER

CAMERON LINDSAY, Warden,
Metropolitan Detention Center,

                         Respondent.
                                      x
----------------------------------------------------------- 

TRAGER, J.

        Petitioner filed this petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241 before he was resentenced by this

Court.  For the following reasons, it should properly be

considered as a motion to vacate his sentence under 28 U.S.C. §

2255.  Because pro se filings are to be construed liberally, see

United States v. Detrich, 940 F.2d 37, 38 (2d Cir. 1991), the

petition will be construed as a motion under § 2255 unless

petitioner withdraws it, with notification given to the Court,

within thirty days of this order.


                         **Background**

        After pleading guilty to assaulting and robbing a

confidential informant in possession of United States property in

violation of 18 U.S.C. § 2114(a), petitioner was sentenced by

Judge Carol Amon.  On appeal, the United States Court of Appeals

for the Second Circuit held that the Government had breached its

plea agreement with petitioner by impermissibly advocating for an

upward departure at sentencing.  United States v. Vaval, 404 F.3d

144, 153-54 (2d Cir. 2005).  Faced with the choice of withdrawing

petitioner's plea or remanding the case to a different judge for

resentencing, the Court of Appeals chose the latter. Id. at 156.

See, e.g., United States v. Lawlor, 168 F.3d 633, 638 (2d Cir.

1999) (remanding for resentencing before a different judge when

choice of remedy was between withdrawal of plea and specific

performance of the plea agreement).  On remand, the case was

reassigned to me for sentencing.

While awaiting resentencing, petitioner commenced this

action pursuant to 28 U.S.C. § 2241 seeking to dismiss the

indictment because the United States did not have jurisdiction

over the offense.  In its answer to the petition, filed before

petitioner was resentenced, the Government urged the court

dismiss petitioner's claim as unexhausted.  Petitioner was

resentenced on January 23, 2008.  Since petitioner's judgment is

now final, his petition may properly be considered.

## Discussion

### (1)

"Federal courts sometimes will ignore the legal label that a

pro se litigant attaches to a motion and recharacterize the

motion in order to place it within a different legal category."

2

Castro v. United States, 540 U.S. 375, 381 (2003).  However, on

certain occasions, recharacterizing a motion may make it more

difficult to file motions in the future.  Such is the case when a

pro se filing is converted into a motion to vacate under § 2255.

See id. at 382.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"),

28 U.S.C. § 2241 et seq., places severe restrictions on a

petitioner's ability to file a second or successive motion to

vacate.  See, e.g., Adams v. United States, 155 F.3d 582, 583 (2d

Cir. 1998).  A "second or successive" motion to vacate will be

dismissed unless the Court of Appeals has certified that the new

petition contains:

> (1) newly discovered evidence that, if proven
> and viewed in light of the evidence as a
> whole, would be sufficient to establish by
> clear and convincing evidence that no
> reasonable factfinder would have found the
> movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made
> retroactive to cases on collateral review by
> the Supreme Court, that was previously
> unavailable.

28 U.S.C. § 2255(h).

Because of the restrictions AEDPA places on refiling, courts

must treat recharacterizations with special care.  Therefore,

"the district court must notify the pro se litigant that it

intends to recharacterize the pleading, warn the litigant that

this recharacterization means that any subsequent § 2255 motion

3

will be subject to the restrictions on 'second or successive'
motions, and provide the litigant an opportunity to withdraw the
motion or to amend it so that it contains all the § 2255 claims
he believes he has."  Castro, 540 U.S. at 383 (2003).


## (2)

Notwithstanding § 2255's limitation on filing second or
successive motions, this petition is properly construed as a
motion to vacate pursuant to § 2255.  See Ching v. United States,
298 F.3d 174, 176 (2d Cir. 2002) ("It is well-settled that a
district court may convert a § 2241 petition to a § 2255 motion
in appropriate circumstances.").  While a petition filed pursuant
to § 2241 "challenges the execution of a federal prisoner's
sentence," a motion filed under § 2255 challenges the imposition
of the sentence.  Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir.
2001).  See also Dioguardi v. United States, 587 F.2d 572, 573
(2d Cir. 1978) ("A motion under section 2255 must ... be directed
to the sentence as it was imposed, not to the manner in which it
is being executed."); Chambers v. United States, 106 F.3d 472,
474 (2d Cir. 1997) ("A petitioner seeking to challenge the
legality of the imposition of a sentence by a court may . . .
make a claim pursuant to Section 2255.").

"Section 2255 provides for relief: (i) where the sentence
was imposed in violation of the Constitution or laws of the

4

United States; (ii) where the court was without jurisdiction to impose the petitioner's sentence; (iii) where the sentence was in excess of the maximum authorized by law; and (iv) where the sentence is otherwise subject to collateral attack." Chambers, 106 F.3d at 474 (internal citation omitted). Petitioner, in a motion styled as a petition under § 2241, claims that his sentence violates the United States Constitution in that this Court lacked jurisdiction. This falls squarely within the compass of § 2255. See 28 U.S.C. § 2255(a) ("A [federal] prisoner . . . claiming . . . that the court was without jurisdiction to impose [his] sentence . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.")

## Conclusion

Accordingly, petitioner is hereby notified that the Court intends to convert his petition under 28 U.S.C. § 2241, notwithstanding its designation, to a motion under 28 U.S.C. § 2255. Petitioner is hereby warned that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions. Petitioner may withdraw his petition under § 2241 or amend it so that it contains all the § 2255 claims he believes he has. Petitioner may also choose to keep his claim designated as a petition

pursuant to § 2241.  However, petitioner is hereby notified that should he choose to do so, his § 2241 petition will most likely be dismissed.  Should petitioner choose to withdraw the petition or keep it designated as a § 2241 petition, he must notify the Court of his wish to do so in writing within thirty days.  If petitioner decides to withdraw the instant petition, any new motion or petition under § 2255 must be filed within the one-year statute of limitation period set forth in 28 U.S.C. § 2255(f).  No answer shall be required at this time and all further proceedings shall be stayed for thirty days from the date of this order.  If petitioner fails to notify the court within thirty days that he wishes to withdraw this petition, it shall be designated as a motion under § 2255.


Dated:     Brooklyn, New York
           September 18, 2008


                              SO ORDERED:


                              _____/s/_____
                              David G. Trager
                              United States District Judge